McClendon, Judge.
Jack Benny Shoalmire appealed from a judgment on rule increasing child support due by him for his 9-year-old daughter to $300 per month from the $100 fixed, with the consent of the parties, in the original separation judgment some seven years earlier (August 2, 1972), and continued in the divorce judgment of February 5, 1975.
*1161 The appeal is based upon contentions that the trial court erred by failing to consider the actual monthly expenses of the child and the totality of circumstances surrounding the actual income of the parties, thereby abusing its discretion.
We find to the contrary that no abuse of discretion occurred, and affirm the trial court.
The father had remarried and his income had increased from about $20,000 in 1972 to an annual gross of over $36,000. His present wife was also employed, grossing about $15,000 annually. Mr. Shoalmire’s annual net income amounted to Í103.58 and the couple’s combined net to $32,238.96. They have no children or other dependents in their $36,000 home in Tulsa, Oklahoma. They each have a new motor vehicle and own two motorcycles; have savings in a credit union, forty shares of Ford Motor Company stock, and a monthly surplus of $620 after expenses are deducted from their combined income.
Appellee, on the other hand, has a gross monthly income from her employment of $775.00 and a net of $598.65, or $7,183.80 annually. This is an increase from her 1972 income of $350 per month. The present income is from her employment in a Baton Rouge, Louisiana, bank. She was earning a gross of only $600 per month for two years until May of 1978 when she began her present employment at $650 and had been increased in that interval to the $775 per month. Her financial difficulties through the years following the 1972 separation judgment were evidenced by a bankruptcy taken in 1976. This bankruptcy resulted in the loss of the home she received in the property settlement following her divorce from appellant. She lives in a two bedroom flat with the child of her marriage to appellant and an 11-year-old son of a former marriage, for whom she receives no support from his father. She drives a 1972 Volkswagen which is not paid for.
The child, Rebecca, has a kidney-bladder problem that requires continuing medication and periodic medical examination by a urologist. Additionally, she has a learning problem which requires tutoring. Appellant paid $24 per week for this tutoring for a limited time after the divorce, but discontinued these payments on advice of his attorney.
Even if the income of appellant’s present wife is not considered, as his counsel argues, because they reside in Oklahoma, not a community property state, we agree with the trial court’s obvious conclusion that the totality of the circumstances not only shows a change more than mere inflation, but well justifying the increase awarded.
We find no abuse of the trial court’s discretion, affirm the decision, and order that appellant pay the costs of this appeal.